UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

GREGORY BONAPARTE,

v.                                              Case No. 8:98-cr-278-T-24TGW
                                                         8:02-cv-1906-T-24TGW

UNITED STATES OF AMERICA.
_____

**ORDER**

This Court denied Gregory Bonaparte's 28 U.S.C. § 2255 motion to vacate, set aside, or correct an allegedly illegal sentence. (Doc. cr-94). The Court also denied Bonaparte's motion for reconsideration and motion for certificate of appealability. (Doc. cr-96, cr-101).

On January 13, 2005, the United States Court of Appeals for the Eleventh Circuit denied Bonaparte's motion for certificate of appealability because he "failed to make a substantial showing of the denial of a constitutional right." (Doc. cr-111).

Subsequently, this Court denied Bonaparte's motion to preserve his alleged United States v. Booker, 543 U.S. 220 (2005) claims (Doc. cr-114) and his motion for reconsideration of that issue. (Doc. cr-116). Now, Bonaparte has filed a document entitled, "Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(3)(4) and (6)" raising essentially the same claims that he raised in his original 28 U.S.C. § 2255 motion to vacate. (See Doc. cr-117). The Court construes Bonaparte's new filing as a successive 28 U.S.C. § 2255 motion to vacate.

Pursuant to 28 U.S.C. §§ 2255 and 2244(b)(3)(A), as amended by the Antiterrorism

and Effective Death Penalty Act of 1996, federal prisoners who want to file a second or successive motion to vacate, set aside, or correct a sentence must move the court of appeals for an order authorizing the district court to consider the second or successive motion. See 28 U.S.C. § 2244(b)(3)(A).  A three-judge panel of the court of appeals, § 2244(b)(3)(B), may authorize the filing of a second or successive motion only if it determines that the motion contains claims which rely on either: (1) newly discovered evidence that, if proven and viewed in the light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable. 28 U.S.C. § 2255.  See In re Blackshire, 98 F.3d 1293 (11th Cir. 1996).

Defendant Bonaparte has not fulfilled the requirements of the statutes as set out above.  Accordingly,  the Court orders:

That Bonaparte's "Motion Pursuant to Federal Rules of Civil Procedure, Rule 60(b)(3)(4) and (6)," construed as a successive 28 U.S.C. § 2255 motion (Doc. cr-117) is denied. The Clerk is directed to send Bonaparte the Eleventh Circuit form requesting permission to file a successive motion to vacate.

ORDERED at Tampa, Florida, on February 16, 2006.

SUSAN C. BUCKLEW
United States District Judge

AUSA:  Kathy J. M. Peluso
Pro se:  Gregory Bonaparte